E-FILED
Monday, 30 March, 2020 04:13:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRAIG HERRICK,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CLARK, JOSEPH YURKOVICH, JEFF STANDARD, and FULTON COUNTY, ILLINOIS<br><br>    Defendants. | Case No. 18-1191-MMM |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Fulton County's Motion for Judgment on the Pleadings (D. 31[1]), Defendant Jeff Standard's Motion to Designate Nominal Defendant (D. 33), Defendants Standard's and Fulton County's Joint Motion for Leave to File Reply (D. 46), and Defendants Justin Jochums' and Charlene Markley's Motion to Dismiss (D. 47). For the following reasons, Defendants' Motions to Dismiss is GRANTED, the remaining Motions are DEEMED MOOT, and the Clerk of Court is directed to close this case.

## **JURISDICTION**

The Court exercises original jurisdiction over this matter under 28 U.S.C. § 1331, as Plaintiff brings claims for constitutional violations via 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

---

[1] References to the case docket are abbreviated as "(D. _ )".

## BACKGROUND[2]

In January 2000, Plaintiff was convicted in the Ninth Judicial Circuit Court of Fulton County, Illinois ("Circuit Court"), of two counts of first-degree murder and one count of intentional killing of an unborn child, for the kidnapping and murder of Tammy Jo Thompson in 1998. (D. 1 at 2, 96.) At the time of her death, Thompson was pregnant with twins. *Id.* at 96. Plaintiff is currently serving consecutive life sentences for his crimes, yet for the last eighteen years he has maintained his innocence. *Id.* at 2. To exonerate him from the alleged wrongful conviction of the aforementioned crimes, Plaintiff has been seeking access to crime-scene evidence from his criminal trial for advanced DNA testing in various venues. *Id.* at 3.

On January 26, 2017, the Circuit Court denied Plaintiff's most recent request for testing (D. 14-4 at 16-21.) According to Plaintiff, the Circuit Court ruled against him because it misconstrued § 3(b)(1) of the State's post-conviction DNA statute, 725 ILCS 5/116-3 (2014). (D. 14 at 2-3.) Plaintiff also contends that the statute itself is unconstitutional because the requirement that the defendant must present a prima facie case that "identity was the issue in the trial . . . which resulted in his . . . conviction" is vague. *Id.* at 3. Plaintiff now appeals the decision of the Circuit Court, albeit indirectly, claiming, in part, that Illinois courts have improperly invoked the "identity" requirement to foreclose relief to any convicted criminal movant because he was ultimately found guilty of his crimes. *Id.* at 2-3.

## PROCEDURAL HISTORY

On March 22, 2019, Plaintiff filed his amended complaint against Defendants John Clark (former Fulton County State's Attorney), Jeff Standard (Fulton County Sheriff), Joseph Yurkovich (former Fulton County Clerk of Court), and Fulton County alleging, in part, that Defendants denied

---

[2] The facts in the Background section are based on statements outlined in Plaintiff's original and amended complaints. The facts are accepted as true and all reasonable inferences from those facts are drawn in his favor.

him procedural due process rights by refusing to turn over crime-scene evidence for advanced DNA testing. On May 17, 2019, this Court entered its Second Merit Review Order. (D. 15.) In the Order, the Court ruled that Plaintiff had provided sufficient factual content to draw the reasonable inference that Defendants were liable for denying Plaintiff his procedural due process rights. *Id.* at 2. It also found that Plaintiff had asserted he had been denied procedural due process by the Illinois court's construction of its post-conviction DNA statute. *Id.* The Court concluded that, at the preliminary screening stage, Plaintiff had stated valid § 1983 claims against Defendants acting in their official capacities and against their presumptive employer, Fulton County. *Id.*

On July 16, 2019, Defendant Fulton County filed its answer and affirmative defenses. (D. 26.) On August 15, 2019, the Court substituted the current Fulton County State's Attorney, Justin Jochums, for Defendant Clark and the current Fulton County Clerk of Court, Charlene Markley, for Defendant Yurkovich. (Text Order 08/15/2019.) On September 16, 2019, Defendants Standard and Fulton County filed their Motion for Judgment on the Pleadings (D. 31), and Motion to Designate Nominal Defendant (D. 33). On October 16, 2019, Plaintiff filed his responses to Defendants' Motions. (D. 37; D. 38.) On October 30, 2019, Defendants Standard and Fulton County filed their Joint Motion for Leave to File Reply (D. 46), and one day later Defendants Markley and Jochums filed their Joint Motion to Dismiss. (D. 47.) On November 13, 2019, Plaintiff filed his response to Defendants' Motion to Dismiss (D. 50), and on December 2, 2019, Plaintiff filed a supplemental response to the same Motion (D. 52). This Order follows.

## LEGAL STANDARD

<u>Motion to Dismiss</u>

A motion to dismiss challenges the sufficiency of the complaint, not its merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a Rule 12(b)(6) motion to dismiss,

3

the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A motion to dismiss "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). "Documents referred to in, but not attached to, a plaintiff's complaint that are central to [his] claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss." *Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor, it is not obliged to ignore facts in the complaint that undermine plaintiff's claim or to assign weight to unsupported conclusions of law. *R.J.R. Servs., Inc., v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). If a plaintiff was given adequate opportunity to respond to all of the defendants' motions, the court can impute the arguments made by any defendant to all of the defendants to the extent the arguments are equally effective at barring a claim. *Gluck v. WNIN Tri-State Pub. Media, Inc.*, 879 F. Supp. 2d 999, 1001 n.3 (S.D. Ind. 2012) (citing *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986)). "Affirmative defenses, such as claim preclusion and the *Rooker-Feldman* doctrine, that are clear from the complaint may be addressed in a motion to dismiss as opposed to a summary

judgment motion." *McDowell v. Alvarez*, No. 09 C 8033, 2012 WL 3481642, at *3 (N.D. Ill. Aug. 15, 2012) (citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)).

## DISCUSSION

Plaintiff, an inmate incarcerated with the Illinois Department of Corrections, is serving double life sentences for the kidnapping and murder of a pregnant woman in the fall of 1998. Plaintiff filed his amended complaint alleging, *inter alia*, that Illinois courts have denied him procedural due process by misconstruing the State's post-conviction DNA statute. Plaintiff also alleges State officials acted in their official capacities to personally deprive him of his constitutional rights. In response, Defendants have filed numerous motions arguing that Plaintiff's amended pleading fails to state a valid claim and that the Court lacks subject matter jurisdiction over this matter. For the following reasons, the Court grants Defendants' Motion to Dismiss and deems the remaining Motions moot.

### I. Defendants' Motion to Dismiss

Defendants Markley and Jochums raise four arguments in their Motion to Dismiss. (D. 44.) Specifically, they argue: (i) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* abstention doctrine; this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine; Plaintiff fails to state a claim upon which relief can be granted; and the Illinois post-conviction DNA statute is not unconstitutionally vague. *Id.* at 1-10. In response, Plaintiff argues identity was an issue in his criminal prosecution; Defendants are trying to extend the *Rooker-Feldman* doctrine beyond its scope; *Younger* abstention does not apply to his constitutional claims in this Court; and that he has stated a claim for the denial of his procedural due process rights, as he has a cognizable interest in obtaining DNA testing under Illinois law. (D. 50 at 2-13.) Since it

judgment motion." *McDowell v. Alvarez*, No. 09 C 8033, 2012 WL 3481642, at *3 (N.D. Ill. Aug. 15, 2012) (citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)).

## DISCUSSION

Plaintiff, an inmate incarcerated with the Illinois Department of Corrections, is serving double life sentences for the kidnapping and murder of a pregnant woman in the fall of 1998. Plaintiff filed his amended complaint alleging, *inter alia*, that Illinois courts have denied him procedural due process by misconstruing the State's post-conviction DNA statute. Plaintiff also alleges State officials acted in their official capacities to personally deprive him of his constitutional rights. In response, Defendants have filed numerous motions arguing that Plaintiff's amended pleading fails to state a valid claim and that the Court lacks subject matter jurisdiction over this matter. For the following reasons, the Court grants Defendants' Motion to Dismiss and deems the remaining Motions moot.

### I. Defendants' Motion to Dismiss

Defendants Markley and Jochums raise four arguments in their Motion to Dismiss. (D. 44.) Specifically, they argue: (i) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* abstention doctrine; this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine; Plaintiff fails to state a claim upon which relief can be granted; and the Illinois post-conviction DNA statute is not unconstitutionally vague. *Id.* at 1-10. In response, Plaintiff argues identity was an issue in his criminal prosecution; Defendants are trying to extend the *Rooker-Feldman* doctrine beyond its scope; *Younger* abstention does not apply to his constitutional claims in this Court; and that he has stated a claim for the denial of his procedural due process rights, as he has a cognizable interest in obtaining DNA testing under Illinois law. (D. 50 at 2-13.) Since it

is dispositive of the issues at hand, the Court only addresses Defendants' *Younger* abstention argument and DISMISSES Plaintiff's case without prejudice.

### A. *Younger* Abstention Doctrine

In Defendants' Motion to Dismiss, they argue Plaintiff's complaint should be dismissed in its entirety because Plaintiff is currently appealing the state court's denial of his motion for DNA testing before the Illinois Court of Appeals. (D. 44. at 5.) Defendants add that Plaintiff failed to disclose to this Court that he is currently appealing the denial of his post-conviction DNA motion. *Id.* at 6. Defendants argue that because Plaintiff's appellate proceeding implicates important state interests, and is duplicative of the claims at hand, abstention under *Younger v. Harris*, 401 U.S. 37, 40-41 (1971), is appropriate. *Id.* at 6.

In response, Plaintiff alleges that he notified the Court of his ongoing legal proceedings in a motion for leave to request recruitment of counsel. (D. 50 at 7.) Plaintiff argues that his state appeal challenges the court's denial of his post-conviction DNA motion and not the constitutionality of the post-conviction statute itself. *Id.* at 7. Plaintiff also argues his appeal to the Illinois Appellate Court and the claims at hand have nothing to do with one another and fail to deprive this Court of jurisdiction. *Id.* Plaintiff cites *Harvey v. Horan*, 285 F.3d 298 (4th Cir. 2002), for the proposition that a federal court will continue with a § 1983 claim even when there is a pending state court appeal. *Id.* He also references *District Attorney's Office for Third Judicial District v. Osborne*, 129 S. Ct. 2308 (2009), for the proposition that he is in a better position to argue the inadequacy of state law procedures in this Court than he is in state court.

In *Forty One News, Inc. v. County of Lake*, 491 F.3d 662 (7th Cir. 2007), the Seventh Circuit provided a summary of the impetus behind the *Younger* abstention doctrine. It observed:

> The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts. *Younger* abstention ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts . . . Limiting the intervention of the federal courts preserves the institutional autonomy of state judicial processes by limiting attempts by litigants to obtain federal declaratory or injunctive relief on constitutional grounds where such relief may interfere with certain types of ongoing state proceedings in which they are involved, and which provide an adequate opportunity to raise the constitutional claims . . . . While the doctrine was initially limited in its application to pending state *criminal* prosecutions, its scope has been expanded to apply to state judicial and administrative proceedings in which important state interests are at stake.

*Id.* at 665 (internal quotation marks and citations omitted).

In *Chester Bross Const. Co. v. Schneider*, 886 F. Supp. 2d 896, 907 (C.D. Ill. 2012), this District outlined the parameters of the *Younger* abstention doctrine in detail. It reiterated:

> Under the *Younger* abstention doctrine, a federal court is required to abstain from enjoining ongoing state proceedings that are: (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention. The *Younger* doctrine espouses a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. The *Younger* principles of abstention apply both to claims based on constitutional challenges, as well as to those based on federal preemption challenges.

*Id.* (internal quotation marks and citation omitted).

### 1. Judicial in Nature

Plaintiff does not dispute that the proceedings in which he was denied access to crime-scene evidence was judicial in nature. Defendants rightly highlight the unbeknownst fact that Plaintiff is concurrently appealing the denial of his post-conviction motion with both this Court and the Third District Appellate Court. Plaintiff's own filing in the Third District reiterates that one of the issues he is appealing is whether the trial court erred in denying his § 116-3 motion

when it ruled that "identity" was not an issue in his criminal trial[3]. Coincidentally, Plaintiff raises the same argument here although he conspicuously changes some of his language. His amended complaint states:

> PLAINTIFF CRAIG HERRICK is Challenging, as DENYING him his Procedural Due Process, the Illinois Post-Conviction DNA Statute ["]as construed" by Illinois Courts. In that the Illinois Courts have construed the Statute regarding "Identity" to completely FORECLOSE ANY Prisoner would could have sought DNA Testing prior to trial, but didnot (sic), from seeking in a Post-Conviction DNA Motion by invoking that "Identity was Not an issue at trial" because he was found guilty.

(D. 14 at 5.) While the Court recognizes Plaintiff would prefer to be in federal court since the lower state court has already enforced the statute, his preference and the early ruling of the court carry no weight under *Younger*. "Denial of a preferred federal forum for federal claims is often the result of the application of *Younger* abstention . . . as well as other doctrines promoting comity." *Forty One*, 491 F.3d at 667. "This is so even when the plaintiff would have preferred not to litigate in state court, but was required to do so by statute or prudential rules." *Id.* (quoting *San Remo Hotel, L.P., v. City and Cty. of San Francisco, Cal.*, 545 U.S. 323, 342 (2005)).

The Court finds that Plaintiff's state court hearing and subsequent appeal are both judicial in nature and constitute one ongoing proceeding. In *Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998), the Seventh Circuit analyzed a similar situation and concluded that "separate state trial and appellate review procedures are viewed as [one] single ongoing proceeding[ ]." In coming to its conclusion, it cited *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), and noted:

> In *Huffman*, which involved a state civil enforcement proceeding, the § 1983 plaintiff, after losing in a state court, elected to file a federal action instead of appealing the decision to a state appellate tribunal. The Court held *Younger* precluded federal intervention in the state action. It reasoned that allowing what in effect would be a federal alternative to state appellate process would, besides disrupting and duplicating an ongoing proceeding, cast doubt on the ability of state appellate courts to oversee their trial courts.

---

[3] Motion in Response to Appellate Counsel's Motion to Withdraw[ ] pursuant to *Pennsylvania v. Finley* at 2, People v. Herrick, 2018 IL App 3180455.

*Majors*, 149 F.3d at 713 (internal citations omitted). Accordingly, the Court finds that under *Younger* abstention it must abstain from enjoining Plaintiff's ongoing state proceeding, which is judicial in nature.

### 2. Implicates Important State Interests

Plaintiff also fails to dispute that his ongoing state proceeding implicates important state interests, which fulfills the second prong of *Younger* abstention. In *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), the Supreme Court outlined the criteria for the implication of the important state interests requirement. It held:

> The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved. The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature, as in *Huffman*[.] Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation. Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims. [T]he . . . pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims[.]

*Id.* at 432 (internal quotation marks and citations omitted).

Plaintiff's § 1983 claims bear a close relationship to the finality of his criminal prosecution and conviction. *See Danforth v. Minnesota*, 552 U.S. 264, 280 (2008) (observing "finality of state convictions is a *state* interest"). A ruling by this Court ordering state officials to turn over evidence from Plaintiff's underlying criminal trial for advanced DNA testing would not only overrule the state court's decision to deny access to such evidence and interfere with a pending appeal in the Illinois Appellate Court, but would also call into question the validity of Plaintiff's criminal conviction altogether. *See Whyte v. Magnus*, No. 12-CV-145, 2013 WL 3778138, at *4 (W.D. Wis. July 19, 2013) (finding *Younger* abstention applies to post-conviction proceedings); *Smith v.*

9

*Indiana*, 622 F. Supp. 973, 976 (N.D. Ind. 1985) (finding plaintiff had at least two other remedies at law available to him: post-conviction relief, including an appeal to the state supreme court, and federal habeas corpus relief). Accordingly, the Court finds that under *Younger* abstention it must abstain from enjoining Plaintiff's ongoing state proceeding that implicates important state interests.

### 3. Offers Adequate Opportunity for Review of Constitutional Claims

Plaintiff argues that the third prong—whether the state proceedings offer an adequate opportunity for review of his constitutional claims—is not met. He cites *Harvey v. Horan*, 285 F.3d 298 (4th Cir. 2002) and *Priser v. Rodriguez*, 93 S. Ct. 1827 (1973), for the proposition that state courts should have the first opportunity to review challenges to a state judgment of conviction. (D. 50 at 3.) Plaintiff then twists this proposition to try to support his argument that, unlike the petitioner in *Osborne*, 129 S. Ct. 2308 (2009), who attempted to sidestep the state process through a federal lawsuit, he first resorted to state court, so now he can properly challenge "[t]he inadequacy of the [s]tate-[l]aw procedures available to him in state [p]ost-[c]onviction relief" in a federal court. *Id.* The Court disagrees.

Although it must liberally construe a pro se Plaintiff's complaint, the Court is not required to fashion Plaintiff's arguments for him where his allegations are conclusory in nature and without supporting factual averments. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Plaintiff has failed to offer any supporting evidence, allegation or otherwise, that he appealed his state court criminal conviction in the Illinois Appellate Court. He also failed to inform the Court, in any of his original or amended pleadings, that he had an ongoing proceeding in the Third District Appellate Court that dealt with the same facts that he presents here. (D. 1 at 2; D. 14 at 2.)

Plaintiff's § 1983 claims raise an as-applied challenge to the constitutionality of the State's post-conviction statute. *See People v. Thompson*, 43 N.E.3d 984, 991 (Ill. 2015) (finding "an as-applied constitutional challenge is dependent on the particular circumstances and facts of the individual defendant or petitioner"). Such a challenge is most appropriately handled by the state appellate and supreme courts or in petition for habeas corpus. *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981) ("[I]t would be unseemly in our dual system of government for the federal courts to upset a state-court conviction without affording to the state courts the opportunity to correct a constitutional violation."). Plaintiff also fails to allege that he has been precluded from bringing his constitutional challenge in his post-conviction DNA motion, in his appeal to the Third District Appellate Court (where his appellate brief has not yet been filed), or by filing a petition for discretionary review with the Illinois Supreme Court. *See Majors*, 149 F.3d at 713 (finding that review of constitutional claims by way of a petition to the state court constituted "subsequent judicial review" and was sufficient opportunity to raise federal claims for the purposes of *Younger*). Accordingly, the Court finds that under *Younger* abstention it must abstain from enjoining Plaintiff's ongoing state proceeding that implicates important state interests and offers an adequate opportunity for review of his constitutional claims. *See Smith*, 622 F. Supp at 977 (concluding Plaintiff's "post-conviction relief proceedings cannot be removed from the state court, and this court is bound by principles of federalism to avoid involvement in this case until the post-conviction proceedings are complete").

### 4. No Extraordinary Circumstances Exist

Finally, Plaintiff fails to provide sufficient evidence that any extraordinary circumstances exist, such as bias or harassment, that would make abstention inappropriate in this case. *See Middlesex*, 457 U.S. at 437 ("Because respondent had an opportunity to raise and have timely

decided by a competent state tribunal the federal issues involved, and because no bad faith, harassment, or other exceptional circumstances dictate to the contrary, federal courts should abstain from interfering with the ongoing proceedings.") Accordingly, the Court finds that under *Younger* abstention it must abstain from enjoining Plaintiff's ongoing state proceeding that implicates important state interests and offers an adequate opportunity for review of his constitutional claims, as no extraordinary circumstances—like bias or harassment—exist which auger against abstention. The Court also finds that abstention is appropriate to adhere to the principles of equity, comity, and federalism. Because the Court finds that *Younger* abstention is appropriate as to all claims in the amended complaint, the remaining arguments stated in Defendants' Motion to Dismiss and in the remaining Motions are DEEMED MOOT.

## CONCLUSION

For the reasons stated above, Defendants Jochums' and Markley's [47] Motion to Dismiss is GRANTED. Defendant Fulton County's [31] Motion for Judgment on the Pleadings, Defendant Standard's [33] Motion to Designate Nominal Defendant, and Defendant Standard's and Fulton County's [46] Joint Motion for Leave to File Reply are DEEMED MOOT. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE, and the Clerk of Court is directed to close this case.

Entered on March 30, 2020.   /s/ Michael M. Mihm
　　　　　　　　　　　　　　　　　　　Michael M. Mihm
　　　　　　　　　　　　　　　　　　　United States District Judge