IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **CRAIG HERRICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-1191 |
| | ) |
| **JEFF STANDARD,** *in his official* | ) |
| *capacity*; **CHARLENE MARKLEY,** | ) |
| *in her official capacity*; **JUSTIN G.** | ) |
| **JOCHUMS,** *in his official capacity*; | ) |
| and **FULTON COUNTY, ILLINOIS,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER AND OPINION

Pending before the Court is Defendant Fulton County's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 76) and a filing Plaintiff titled as a "Motion in Response to Fulton County's Reply in Support of its Motion for Judgment on the Pleadings" (Doc. 89). For the reasons stated below, Fulton County's Motion is granted, and Plaintiff's Motion is denied.

## BACKGROUND

In 2000, Plaintiff was convicted of first-degree murder in Illinois state court and was sentenced to life in prison. Plaintiff now seeks DNA testing of certain pieces of evidence that he claims will help him prove his innocence. He filed his initial complaint in May 2018 and an Amended Complaint in March 2019, pursuant to 42 U.S.C. § 1983.  In a Merit Review Order entered on February 19, 2019, Court found that Plaintiff stated a valid § 1983 claim against the Fulton County State's Attorney, the Fulton County Circuit Court, and the Fulton County Sheriff in their official capacities and against their presumptive employer, Fulton County, Illinois. In March 2020, the Court dismissed Plaintiff's Amended Complaint because his appeal was still

1

pending in the Illinois state court. (Doc. 57). In August 2020, after the state court proceedings concluded, the Court granted Plaintiff's motion to re-instate his Amended Complaint.

Defendant Fulton County now moves for judgment on the pleadings pursuant to Rule 12(c), asserting that it is not the correct party to provide Plaintiff with the relief he seeks. Fulton County argues that Plaintiff pleads facts against the Fulton County Sheriff, the State's Attorney, and the Circuit Clerk, none of whom are employed by Fulton County, and that Plaintiff does not allege additional facts that would subject Fulton County to liability. Plaintiff filed a response to the motion (doc. 85) and Fulton County filed a reply (doc. 87). Plaintiff then filed a Motion requesting the Court to dismiss Fulton County's Motion, which appears to be a sur-reply. (Doc. 89). The Court considered the arguments in Plaintiff's Motion when resolving Fulton County's Motion for Judgment on the Pleadings. This opinion follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. *Id*. The same standard applies for deciding a Rule 12(c) motion as that used when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Therefore, under Rule 12(c), the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Finch v. Peterson*, 622 F.3d 725, 728 (7th Cir. 2010). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Fulton County argues that it should be dismissed from the case because Plaintiff points to the actions of the State's Attorney, the Circuit Clerk, and the Sheriff as creating a cause of action, but Fulton County does not employ any of those individuals. *See Ingemunson v. Hedges*, 133 Ill. 2d 364, 369 (1990) ("State's attorneys should be classified as State, rather than county, officials"); *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995) (collecting cases) ("Illinois case law holds, however, that state's attorneys are employees of the State of Illinois.") *Robinson v. Sappington*, 351 F.3d 317, 339 (7th Cir. 2003) ("clerks of the circuit courts are nonjudicial officers of the judicial branch of state government and not employees of the counties . . . .") (quoting *Pucinski v. County of Cook*, 192 Ill. 2d 540, 545 (2000)); *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 512 (2003) ("under Illinois law, a sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves"). Fulton County further asserts that Plaintiff does not provide sufficient facts to otherwise support an independent cause of action against it.

Plaintiff does not dispute Fulton County's assertion that it is not the employer any of the other defendants but argues that Fulton County is a necessary party in a suit for money damages against an independently elected County officer like the Sheriff or Clerk of the Court. (Doc. 85 at 2). Fulton County agrees that counties "sometimes are named defendants because they must indemnify a Sheriff pursuant to the Tort Immunity Act." (Doc. 76 at 6). Fulton County further appears to suggest that it might need to appear if Plaintiff was seeking money damages, but that Plaintiff did not appropriately request money damages in his complaint—only injunctive relief. Case law confirms that in a case related to money damages, Fulton County would be a necessary party because it indemnifies certain county officers even when those officers are not county

employees. *See Carver v. LaSalle County, Illinois*, 324 F.2d 947 (7th Cir. 2003) ("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity").

The heart of the parties' disagreement is whether Plaintiff adequately requested recoverable money damages against Fulton County. Indeed, Rule 8(a)(3) requires that pleadings contain "a demand for the relief sought." Fed. R. Civ. Pro. 8(a)(3). In his Amended Complaint, Plaintiff does not include an explicit demand for money damages. (Doc. 14). However, Plaintiff argues that in his motion requesting that the Court reinstate his Amended Complaint, he included a request for $250,000 in punitive damages. (Doc. 74 at 2). Fulton County counters that in granting Plaintiff's motion to refile his Amended Complaint, the Court only re-instated the Amended Complaint in its initial form and that the Order did not serve to amend the Complaint to add a request for money damages. Fulton County further argues that the Court did not issue another merit review order as further evidence that Plaintiff did not effectuate an amendment to his Complaint. In the alternative, Fulton County argues that punitive damages are not available against a county.

Fulton County first asserts that Plaintiff did not appropriately seek to amend his Complaint to add any request for monetary relief. In Plaintiff's motion to reinstate his Amended Complaint, Plaintiff included a section titled "relief requested" where he stated that he sought $250,000 in punitive damages from defendants. That motion, however, was a motion to reinstate his Amended Complaint. Merely mentioning that he is seeking money damages within that motion does not qualify as an appropriate motion to amend his complaint.

In any event, Plaintiff is otherwise not entitled to punitive damages from Fulton County. Even if Plaintiff had appropriately requested leave to amend his Complaint, Fulton County may

not be held liable for punitive or exemplary damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983"); *see also Joan W. v. City of Chicago*, 771 F.2d 1020, 1025 (7th Cir. 1985) (reducing a jury award because the award of compensatory damages so excessive as to constitute impermissible punitive damages against a municipality); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (observing that the plaintiff could not recover punitive damages from the county sheriff in his official capacity because municipalities are immune from punitive damages in § 1983 suits); *United States ex rel. Chandler v. Cook Cnty., Ill.*, 277 F.3d 969, 978 (7th Cir. 2002) (explaining that reasoning behind the immunity from punitive damages was to protect taxpayers from bearing the responsibility for the punitive damages). Moreover, Plaintiff only sued the other defendants in their official capacities, which means that his case is really against the entity that employs the officials. *See Kolton v. Frerichs*, 869 F.3d 532, 536 (7th Cir. 2017) (explaining that suing state officials in their official capacity is really a suit against the state and that "§ 1983 does not create a claim against a state for damages."); *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining that a suit against government officials in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."). And, plaintiffs generally may not seek money damages from a state under § 1983. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617, (2002) ("a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.") *Kolton v. Frerichs*, 869 F.3d 532, 536 (7th Cir. 2017). Accordingly, Plaintiff is likely unable to recover any money damages from Defendants sued in their official capacities.

      Here, Plaintiff's initial Complaint and his Amended Complaint did not include a request for money damages and his reference to money damages in a motion to reinstate his Amended

Complaint was not the proper manner to request that he be permitted to amend his complaint to request for punitive damages. In any event, he would be barred from seeking punitive damages against Fulton County under § 1983. Moreover, even compensatory damages are generally not recoverable against government officials sued in their official capacity in a § 1983 case. While the Court is obligated to liberally construe a *pro se* plaintiff's pleadings, Plaintiff's claims against Fulton County fail even under a broad reading of Plaintiff's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that courts are required to liberally construe a *pro se* plaintiff's filings).

## CONCLUSION

The Court finds that Plaintiff failed to plead punitive damages against Defendants. Accordingly, Fulton County is not required to appear in the case in order to indemnify any of the other Defendants. Plaintiff does not plead any facts that would otherwise subject Fulton County to liability.

It is therefore ORDERED that Defendant Fulton County's Motion for Judgment on the Pleadings Pursuant to Rule(c) [76] is GRANTED and Defendant Fulton County is DISMISSED from this case. Plaintiff's Motion in Response to Fulton County's Reply in Support of its Motion for Judgment on the Pleadings [89] is DENIED.

ENTERED this day 18th day of December, 2020.

                                                 /s/ Michael M. Mihm
                                                     Michael M. Mihm
                                              United States District Judge