UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRAIG HERRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-1191 ) |
| JEFF STANDARD, *in his official capacity;* CHARLENE MARKLEY, *in her official capacity*; JUSTIN G. JOCHUMS, *in his official capacity*, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Craig Herrick, is an Illinois state prisoner and has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (D. 14). Herrick names as Defendants Jeff Standard (Fulton County Sheriff), Charlene Markley (Fulton County Clerk of Court), and Justin Jochems (Fulton County States Attorney) and sues them in their official capacities for violating his constitutional right to due process for failing to release items for DNA testing. (D. 14). More specifically, Herrick challenges the validity of Illinois' post-conviction DNA Statute, 725 ILCS 5/116-3, as unconstitutionally vague as construed by Illinois courts. *Id.*

Presently before the Court are Defendant Standard's motion for summary judgment, (D. 124), and Defendants Jochums and Markley's joint motion for summary judgment. (D. 129). For the reasons stated below, the Motions are GRANTED.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return

1

a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). "In deciding motions for summary judgment, courts must consider the evidence as a whole," *de Lima Silva v. Dep't of Corrs.*, 917 F.3d 546, 559 (7th Cir. 2019), and "view[ ] the record and all reasonable inferences . . . drawn from it in the light most favorable to the nonmoving party," *Laborers' Pension Fund v. W.R. Weis Co., Inc.*, 879 F.3d 760, 766 (7th Cir. 2018).  However, the court will not draw inferences that are "supported by only speculation or conjecture," *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008), and "[c]onclusory allegations alone cannot defeat a motion for summary judgment." *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 892 (7th Cir. 2003).

To avoid summary judgment, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. "It is not the role of the [c]ourt to scour the record in search of evidence to defeat a motion for summary judgment; instead, the nonmoving party bears the responsibility of identifying evidence to defeat summary judgment." *Aberman v. Bd. of Educ. of City of Chi.*, 242 F. Supp. 3d 672, 685 (N.D. Ill. 2017) (citing *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)).  Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 646 (7th Cir. 2011).

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Herrick is currently serving a natural life sentence with no possibility for parole for the murder of Tammy Jo Thompson and her unborn twins on November 1, 1998. Following a stipulated bench trial on January 5, 2000, in the Ninth Judicial Circuit Court in Fulton County,

Illinois ("trial court"), Herrick was convicted of felony murder predicated on residential burglary (720 ILCS 5/9-1(a)(3), 19-3(a)) (Count I), felony murder predicated on aggravated kidnapping (720 ILCS 5/9-1(a)(3)) (Count III), and intentional homicide of an unborn child (720 ILCS 5/9-1.2(a)(1)) (Count X). Herrick's sentence on Count III was vacated on direct appeal pursuant to the one-act, one-crime doctrine. *People v. Herrick*, No. 3-00-0157 (2001) (unpublished order under Illinois Supreme Court Rule 23).

Prior to trial, the parties reached a partial agreement which included Herrick waiving his right to a jury trial and proceeding forward with a stipulated bench trial. Herrick made clear that he was maintaining his innocence and was not stipulating to the sufficiency of the State's evidence, only that the stipulated facts the State presented would be their case if the witnesses and evidence were presented at trial. In exchange, the State agreed to drop the remaining charges and not to seek the death penalty. Over the past twenty years Herrick has maintained his innocence filing numerous post-conviction motions and appeals in state court.

On May 1, 2016, Herrick, *via* counsel, filed a motion in the trial court pursuant to 725 ILCS 5/116-3 seeking DNA testing of the following items of evidence:

1. Pair of boxer shorts, tested for the victim's DNA
2. One (1) pair of Nike brand shoes, tested for the victim's DNA
3. One (1) pair of leather gloves, tested for [Herrick's] DNA
4. One (1) pair of blue jeans tested for the victim's DNA
5. Plastic bag with duct tape removed from victim's head duct tape, examined for lip impressions, [Herrick]'s DNA, and if the [d]uct tape is the same used on the rest of the body
6. Underwear removed from victim, tested for [Herrick's] DNA
7. Right hand fingernail clippings, tested for [Herrick's] DNA
8. Left hand fingernail clippings, tested for [Herrick's] DNA
9. One (1) pair of gray sweatpants belonging to the victim tested for [Herrick's] DNA and [v]ictim's DNA.

(D. 129-3). That statute provides, in relevant part:

> (a) A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint, Integrated Ballistic Identification System, or forensic DNA testing…on evidence that was secured in relation to the trial or guilty plea which resulted in his or her conviction, and:
>
>> (1) was not subject to the testing which is now requested at the time of trial; or
>>
>> (2) although previously subjected to testing, can be subjected to additional testing utilizing a method that was not scientifically available at the time of trial that provides a reasonable likelihood of more probative results.
>
> ….
>
> (b) The defendant must present a *prima facie* case that:
>
>> (1) identity was the issue in the trial or guilty plea which resulted in his or her conviction; and
>>
>> (2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.
>
> (c) The trial court shall allow the testing under reasonable conditions designed to protect the State's interests in the integrity of the evidence and the testing process upon a determination that:
>
>> (1) the result of the testing has the scientific potential to produce new, noncumulative evidence (i) materially relevant to the defendant's assertion of actual innocence when the defendant's conviction was the result of a trial, even though the results may not completely exonerate the defendant, or (ii) that would raise a reasonable probability that the defendant would have been acquitted if the results of the evidence to be tested had been available prior to the defendant's guilty plea and the petitioner had proceeded to trial instead of pleading guilty, even though the results may not completely exonerate the defendant;…

725 ILCS 5/116-3(a)-(c). The trial court held a hearing on January 26, 2017, and found the evidence requested for testing was collected for trial and had not been tested before, except for the duct tape which could be tested in an updated manner. (D. 129-5, p. 29). Regarding the *prima facie* elements under § 116-3(b), the trial court found that the evidence had been subject to a sufficient

chain of custody, and that identity could always arguably be at issue when there has not been a confession. *Id.* The trial court then denied Herrick's motion under § 116-3(c)(1), stating:

> We know from the trial that [Herrick] admitted to being at the victim's home for the purpose of committing a residential burglary. He admitted to taking the victim to the lake where her body was found….[Herrick] admitted he duct taped the victim. The victim's hair was found in [Herrick]'s vehicle, consistent with what [Herrick] indicated was the method of transportation to the lake.
>
> We know from prior DNA testing that the vaginal swab of the victim had the DNA of [Herrick] and further that [Herrick]'s fingerprints was [*sic*] on the duct tape.
>
> The Court finds that this is substantial evidence of identity. More than substantial, beyond a reasonable doubt evidence of identity. And the items that [Herrick] are [*sic*] asking to be tested are really more collateral to the case, and the Court really cannot conceive of a factual scenario where those items would significantly advance [Herrick]'s claim of innocence.

*Id*. at pp. 29-30. On March 31, 2020, the Illinois Appellate Court affirmed the trial court's decision, agreeing that the "forensic testing request by [Herrick], even if it returned ostensibly beneficial results, would not significantly advance [Herrick's] claim of innocence." (D. 129-2, p. 5).

Prior to the Illinois Appellate Court's decision, Herrick attempted to file a complaint in this Court, which this Court dismissed without prejudice under the *Younger* abstention doctrine. (D. 57). In August 2020, after the state court proceedings concluded, the Court granted Herrick's motion to reinstate his *pro se* amended complaint. (*Text Order* on 08/25/2020). As set forth in the Second Merit Review Order, the amended complaint was proceeding on solely on the claim that Defendants were liable for denying Herrick's procedural due process rights due to their failure to release evidence for forensic testing. (D. 15). Relying on *Skinner v. Switzer,* 562 U.S. 521 (2011), Herrick asserts he is not challenging the trial court's decision to deny his motion for DNA testing, but instead is challenging the constitutionality of the Illinois statute for postconviction DNA testing, 725 ILCS 5/116-3 (2014), as construed by the Illinois courts. More specifically, Herrick challenges the validity of 725 ILCS 5/116-3(b)(1), as unconstitutionally vague and that the Illinois

5

courts construe "identity" in a way that forecloses defendants from accessing evidence for DNA testing if they were previously found guilty at trial.

Now before the Court are Defendants Jochums and Markely's motion for summary judgment which argues: (1) Herrick mispresents the legal basis the trial court used to deny his Motion for DNA testing; (2) the Court lacks jurisdiction under *Rooker-Feldman;* (3) Herrick fails to allege a due process violation; and (4) Section 116-3(b)(1) is not unconstitutionally vague. (D. 129). Defendant Standard joins and adopts these arguments and further argues he is entitled to summary judgment because neither he nor Fulton County Sheriff's Office had any involvement in the trial court's decision to deny Herrick's § 116-3 motion. (D. 124). The motions have been fully briefed, and this Order follows.

## DISCUSSION

As an initial matter, it is clear Herrick is targeting as unconstitutional 725 ILCS 5/116-3(b)(1) as the basis for his § 1983 claim. (D. 14). Section 116-3(b)(1) states a defendant must establish a *prima facie* case that "(1) identity was at issue at trial…". 725 ILCS 5/116-3(b)(1). A careful review of the trial court's hearing transcript confirms the trial court found Herrick had established a *prima facie* case under § 116-3(b), including that his identity was at issue at trial. (D. 129-3, p. 29). His motion was then denied under § 116(c)(1) because the trial court found the uncontested evidence from Herrick's trial proved his "identity" beyond a reasonable doubt. *Id.* at p. 30; *see also* 725 ILCS 5/116-3(c)(1) (testing shall be allowed upon a determination that "the result of the testing has scientific potential to produce new, noncumulative evidence…materially relevant to defendant's assertion of actual innocence…").

Based on the foregoing, this Court finds Herrick mischaracterizes the trial court's ruling to attack the trial court's statutory construction and attempt to state a due process claim. The trial

court did *not* deny Herrick's motion based on a finding that identity was not at issue at his trial under § 116-3(b)(1) and did *not* render a categorical holding that if a defendant is found guilty at trial, then identity was not at issue in their case under that provision. (*See* D. 129-3, pp. 29-30) (emphasis added). Rather, the trial court held that there was overwhelming evidence at trial identifying Herrick as the perpetrator and that the desired forensic testing, even if favorable, would not call the trial evidence into question. As a result, the trial court found the state statute under § 116-3(c)(1) did not authorize the requested discovery. *Id.* That decision does not implicate due process.

Before addressing the merits of the parties' arguments regarding procedural due process, this Court must first address the issue of subject matter jurisdiction. For the reasons stated below, this Court finds Herrick's § 1983 claim, even under a broad reading, is barred by the *Rooker-Feldman* doctrine.

1. **The *Rooker-Feldman* Doctrine**

The threshold question this Court must address is whether there is subject matter jurisdiction to hear Herrick's claim. The *Rooker-Feldman* doctrine is rooted in two Supreme Court opinions, from which its name derives, that hold lower federal courts do not have the authority to engage in appellate review of state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Except for federal petitions for a writ of habeas corpus, *see* 28 U.S.C. § 2254, the doctrine derives from Congress expressly authorizing only the United States Supreme Court to engage in appellate review of state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005); *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896,

900 (7th Cir. 2010). Even if the state court judgment is erroneous or unconstitutional, the *Rooker-Feldman* doctrine bars a party from seeking review of the judgment in a federal district court. *Id.*

But, *Rooker-Feldman* "does not preclude a plaintiff from bringing an 'independent claim' that, though similar or even identical to issues aired in state court, was not the subject of a previous judgment by the state court." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Thus, a statute or rule governing a state court's decision may be challenged in a federal claim. *Id. Skinner*, like this case, involved a challenge to a state law preventing postconviction access to evidence for DNA testing. *Id*. In *Skinner* the plaintiff challenged a Texas law under § 1983 on procedural due process grounds arguing the state court's construction of the statute foreclosed prisoners from obtaining post-conviction access to evidence. *Id.* The Supreme Court held because *Skinner's* federal claim did not challenge the adverse state-court decision, but rather the constitutionality of the state statute governing their decision, it may be challenged in a federal action. *Id.* at 533.

In reaching this conclusion the *Skinner* Court focused on the question "[w]hen may a state prisoner, complaining of an unconstitutional state action, pursue a civil rights claim under § 1983, and when is habeas corpus the prisoner's sole remedy." *Id.* 533. It was ultimately determined that *Skinner* had properly invoked § 1983 because success in his DNA testing suit would not "necessarily imply" his conviction was invalid. *Id.* "While test results might prove exculpatory, that outcome is hardly inevitable; …results might prove inconclusive or they might further incriminate *Skinner*." *Id.* at 534 (internal citations omitted). On the other hand, habeas corpus is the only remedy in a district court when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 533.

Here, Herrick models his amended complaint off the *Skinner* Court's opinion. (D. 14). In doing so, he explicitly states he is not challenging the trial court's decision to deny his § 116-3

motion, but rather, the constitutionality of the statute on which that decision was based. (D. 114, p. 3). More specifically, that he was denied procedural due process because "identity" under 725 ILCS 5/116-3(b)(1) is unconstitutionally vague, and Illinois courts have construed that provision to completely foreclose prisoners from seeking post-conviction DNA testing by saying identity was not at issue if they were found guilty at trial. (D. 14, pp. 3, 5). The amended complaint concludes by requesting this Court enter an order compelling Defendants to give him access to the same evidence he sought for testing from the trial court, and to order Defendants to have those items tested. *Id.* at pp. 18-19.

Even under a broad reading of Herrick's claim, it is distinguishable from *Skinner* in critical ways. In *Skinner,* the plaintiff did not challenge the decision reached by the state court in applying the state statute to his motion for DNA testing, but rather challenged only the constitutionality of the statute "as construed" by the state courts. *Skinner,* 562 U.S. at 530-32. Here, Herrick does not challenge the state statute as written or even as it has been construed by the state courts. Rather, he disagrees with the trial court's decision as applied to the specific facts in his case and seeks federal review of that decision.

The amended complaint, when read in its entirety, does nothing more than challenge the trial court's decision to reject his request for DNA testing. This is evidenced by Herrick only raising, admittedly concerning, allegations of ineffective assistance of counsel during his pre-trial and trial proceedings, and potential *Brady* violations due to the State failing to disclose evidence that contradicts their theory of the case. However, these claims should be presented in federal court as a petition for writ of habeas corpus under 28 U.S.C. § 2254, as they attack the validity of his underlying conviction. It is not sufficient to confer jurisdiction under 42 U.S.C. § 1983.

The only allegations in the amended complaint that could arguably place Herrick's claim under *Skinner* are the general allegations that he is not challenging the state court's decision to denying his § 116-3 motion, but rather is challenging as unconstitutionally vague § 116-3(b)(1) and how the state courts construe that provision. (D. 14, pp. 3-6). He then proceeds to allege why he feels it is "vague" or defective, based on facts specific to his case and other unrelated alleged constitutional deprivations. Herrick also attaches numerous reports to his amended complaint, which again could, at a minimum, support a claim for ineffective assistance of counsel, but have nothing to do with his alleged procedural due process claim. As a result, Herrick's claim is essentially an appeal of the trial court's decision, and, thus, *Rooker-Feldman* applies.

Defendants also argue the *Rooker-Feldman* doctrine applies because Herrick is asking this Court to grant him with the same relief that he was denied by the trial court. (D. 129, p. 12). The Court agrees that this fact coupled with the gravamen of the amended complaint only challenging various unrelated perceived failures pertaining to his conviction, and not the constitutionality of the statute itself, supports the conclusion *Skinner* does not apply. Based on the foregoing, Herrick's claim does not come within the category of § 1983 claims permitted by *Skinner*, and the *Rooker-Feldman* doctrine precludes this Court from adjudicating Herrick's claim.

## CONCLUSION

For the reasons stated above, Defendant Jeff Standard's [124] Motion for Summary Judgment and Defendants Justin Jochums and Charlene Markley's [129] Motion for Summary Judgment are GRANTED for lack of subject matter jurisdiction. The case is now TERMINATED. The Clerk is DIRECTED to close this case.

ENTERED this 27th day of April, 2023.

/s/ Michael M. Mihm  
Michael M. Mihm

United States District Judge